## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 04-30987-WRS
                                                         Chapter 7

BARNEY JAY NELSON,

      Debtor

REBECCA L. DORMAN,

      Plaintiff                                 Adv. Pro. No. 04-3099-WRS

  v.

BARNEY JAY NELSON,

      Defendant

## MEMORANDUM DECISION

This Adversary Proceeding came before the Court for trial on December 9, 2004.  The Plaintiff Rebecca L. Dorman appeared pro se.  Defendant Barney Jay Nelson was present in person and by counsel Gary A. Backus.  The Court heard testimony and considered documentary and photographic evidence.  For the reasons set forth below, judgment is entered in favor of Plaintiff Rebecca L. Dorman.  It is determined that the indebtedness owed by the Debtor, to the extent of $3,398.00 is excepted from discharge pursuant to 11 U.S.C. § 523(a)(6).

# FACTS

On April 7, 2004, Defendant Barney Jay Nelson filed a petition in
bankruptcy pursuant to Chapter 7 of the Bankruptcy Code. On July 6, 2004,
Dorman filed an objection in the main case file. (Case No. 04-30987, Doc. 12).
Construing Dorman's filing as a motion to extend the complaint bar date, the
Court extended the bar date to September 10, 2004. (Case No. 04-30987, Doc.
15). On August 27, 2004, Dorman filed a timely complaint seeking a
determination that the indebtedness owed her is excepted from discharge pursuant
to 11 U.S.C. § 523(a)(6)(debts for willful and malicious injury to person or
property of another are excepted from discharge).

Dorman was Nelson's landlord, renting him a residence. Dorman evicted
Nelson for nonpayment of rent in 2002. Dorman submitted photographic evidence
at trial showing that Nelson left the residence in an appalling condition. The
residence was so badly trashed that Dorman contends that the Court may infer the
requisite malice from the condition of the home. The Court, having heard the
testimony of witnesses and having examined the photographic evidence finds that
Dorman has carried her burden of proof. The Court finds that Nelson willfully and
maliciously damaged the residence.

2

Dorman brought suit in the District Court for Montgomery County,

Alabama, having received a judgment in the amount of $4,063.00. As Dorman has

submitted sufficient evidence to prove her damages, it is not necessary for this

Court to consider the preclusive effect of the judgment from the Montgomery

County District Court. For purposes of this decision, this Court will assume that it

is not preclusive.

Dorman submitted a detail listing of the damages, coming to a total of

$4,063.00. Having considered the specification of damages, the Court finds that

all amounts are excepted from discharge, except for the past due rent in the

amount of $815.00. This amount is not excepted from discharge pursuant to

§ 523(a)(6), as the mere failure to pay rent does not rise to the level of a willful

and malicious injury. A $150.00 damage deposit was held by Dorman, which may

be offset against the past due rent. Therefore, the net deduction from the amount

requested is $665.00. ($815.00 less $150.00). The amount of damages excepted

from discharge is $3,398.00. ($4,063.00 less $665.00).

## CONCLUSIONS OF LAW

This is an adversary proceeding to determine whether an indebtedness for

damages to a rental residence is excepted from discharge pursuant to 11 U.S.C.

§ 523(a)(6). This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding which may be heard and determined by a bankruptcy judge. 28 U.S.C. § 157(b)(2)(I). The Court finds that Nelson is indebted to Dorman in the amount of $3,398.00 and that this indebtedness is excepted from discharge pursuant to 11 U.S.C. § 523(a)(6). The past due rent, in the net amount of $665.00, is not excepted from discharge (i.e. it does discharge and cannot be collected). Dorman may proceed against Nelson and collect the amount excepted from discharge. The Court will enter judgment by way of a separate document.

Done this 10th day of December, 2004.

/s/ William R. Sawyer
United States Bankruptcy Judge


c: Rebecca L. Dorman, Plaintiff
   Gary A. Backus, Attorney for Defendant

4